O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SACV 13-0873-DOC (JPRx)                             Date: November 24, 2013

Title: NATIONAL INSURANCE COMPANY OF HARTFORD v. EXPERT AUTOMOTIVE RECONDITIONING, INC., d/b/a DYNAMIC COLLISION CENTERS

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDING (IN CHAMBERS):**     **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the Court is a Motion to Dismiss ("Motion") filed by Defendant Expert Automotive Reconditioning, Inc., d/b/a Dynamic Collision Centers ("Defendant" or "Expert") on July 15, 2013. (Dkt. 8). After considering the moving and opposition papers, the Court GRANTS Defendant's Motion.

### I. Background

All of the facts that follow were alleged by Plaintiff and are interpreted in the light most favorable to it.

On July 22, 2013, Plaintiff National Fire Insurance Company of Hartford ("Plaintiff" or "Hartford") issued a workers' compensation and employers' liability policy to Defendant Expert for the effective dates of August 1, 2011 through August 1, 2012 ("Policy"). Compl. ¶ 6. The Policy covered Expert for liabilities under the workers' compensation statutes of various states, including California. *Id.* ¶ 8.

Under the terms of the Policy, Expert was notified that the initial premium was based on Expert's business circumstances and information provided at the time the premium was issued. *Id.* ¶

10. This initial premium was $180,915. *Id.* ¶ 12. Since the premium was based on estimated information, it was subject to an audit to assess actual exposure, and the premium could be increased accordingly. *Id.* ¶ 11.

Approximately three months after the Policy was issued, Hartford audited Expert's business. Compl. Ex. A, at 54. The audit revealed that Expert's actual exposure was greater than the estimate, and produced additional premiums of $88,673. Compl. ¶ 13. Up until that point, Expert had paid only the initial premium, so Hartford sent bills and demands for the outstanding debt. *Id.* ¶ 16. But, Expert "failed, refused, and continues to refuse" to pay Hartford. *Id.* ¶ 17.

On June 10, 2013, Hartford filed the instant action in this Court. Compl. (Dkt. 1). Hartford alleges four claims based on the events surrounding its attempts to collect the additional premiums allegedly owed by Expert: (1) breach of contract; (2) unjust enrichment; (3) account stated; and (4) breach of the implied covenant of good faith and fair dealing. On July 15, 2013, Defendant filed this Motion to Dismiss, challenging only the latter three causes of action.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, this court accepts as true a plaintiff's well-pled factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002).

Additionally, Federal Rule of Evidence 201 allows the court to take judicial notice of certain items without converting the motion to dismiss into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). The court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot

reasonably be questioned." Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of public record"), *overruled on other grounds by* 307 F.3d 1119, 1125-26 (9th Cir. 2002). The court may disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Rule 15(a)(2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

### III. Discussion

Expert's Motion asserts that Hartford failed to meet the pleading requirements under Federal Rule of Civil Procedure 12(b)(6). Mot. (Dkt. 8). In addition, Expert argues that because Hartford fails to plead under a statute or contract, the Court should dismiss all requests for attorneys' fees. The Court considers each argument in turn.

#### A. Unjust Enrichment

Expert argues that Hartford's unjust enrichment claim should be dismissed because California courts do not recognize a separate cause of action for unjust enrichment.

California courts have held that unjust enrichment and restitution are coterminous. *See, e.g.*, *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1307 (2011); *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010); *Levine v. Blue Shield of Cal.,* 189 Cal. App. 4th 1117, 1138 (2010); *Melchior v. New Line Prods., Inc.,* 106 Cal. App. 4th 779, 793 (2003). Consequently, "there is no cause of action for unjust enrichment in California law." *See Kane v. Chobani, Inc.*, 2013 WL 5289253, at *11 (N.D. Cal. Sept. 19, 2013); *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1031 (N.D. Cal. 2012); *Fraley v. Facebook, Inc.*, 830 F. Supp. 2d 785, 814 (N.D. Cal. 2011).

Even when courts have recognized unjust enrichment as a separate cause of action for obtaining restitution, such a claim fails where the parties have an enforceable express contract. *See Paracor Fin., Inc. v. General Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996); *Gerawan Farming, Inc. v. Rehrig Pac. Co.*, 2012 WL 691758 (E.D. Cal. Mar. 2, 2012); *City of Oakland v. Comcast Corp.*, 2007 WL 518868 (N.D. Cal. Feb. 14, 2007); *Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342 (2012); *Durell*, 183 Cal. App. 4th at 1370.

Hartford argues that under California and federal law, one may plead alternative theories of recovery, if those theories are inconsistent. Although under the Federal Rules of Civil Procedure, a

plaintiff may liberally plead alternative claims for both breach of contract and unjust enrichment, a plaintiff's claim for unjust enrichment fails if the allegations are predicated upon an enforceable contract. *See Pinel v. Aurora Loan Services, LLC*, 814 F. Supp. 2d 930, 944-45 (N.D. Cal. 2011); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 781 F. Supp. 2d. 955, 966 (N.D. Cal. 2011). The Ninth Circuit held that, where parties do not dispute the existence or validity of an express contract, then an unjust enrichment claim must fail. *Total Coverage, Inc. v. Cendant Settlement Services Group, Inc.*, 252 F. App'x 123, 126 (9th Cir. 2007) (holding Plaintiff's unjust enrichment claim fails because plaintiff did "not allege that the contract is void, rescinded, or otherwise unenforceable, and [defendant] agrees that the express contract governs the relationship between the parties.").

Here, there is no dispute that there is a binding, express contract. The Complaint lists breach of contract as a cause of action, alleging that Expert "breached the insurance contract." Compl. ¶19-23. Expert did not challenge the existence of such a contract. *See* Mot. Therefore, even if unjust enrichment was recognized as an independent cause of action, *but see Kane*, 2013 WL 5289253, at *11, the claim would otherwise fail because parties do not dispute the existence or validity of an express contract, *Total Coverage*, 252 F. App'x at 126.

Frankly, the Court is satisfied that no amendment can cure this claim. Therefore, it does not grant leave to amend. *See Jackson*, 353 F.3d at 758. For the reasons stated above, the Court GRANTS the Motion to Dismiss Plaintiff's unjust enrichment claim. It is dismissed WITH PREJUDICE.

### B. Account Stated

Expert argues that Hartford's account stated claim is barred as a matter of law because the cause of action is premised on a breach of the insurance contract.

An account stated is "an agreement, based on the prior transactions between the parties, that the items of the account are true and that the balance struck is due and owing from one party to another." *Gleason v. Klamer*, 103 Cal. App. 3d 782, 786. To establish an account stated claim, a plaintiff must show: "(1) previous transactions between the parties establishing the relationship of debtor and creditor; (2) an agreement between the parties, express or implied, on the amount due from the debtor to the creditor; (3) a promise by the debtor, express or implied, to pay the amount due." *Zinn v. Fred R. Bright Co.*, 271 Cal. App. 2d 597 (1969) (citations omitted). "The action upon an account stated is not upon the original dealings and transactions of the parties. Inquiry may not be had into those matters at all. It is upon the new contract by and under which the parties have adjusted their differences and reached an agreement." *Gardner v. Watson*, 170 Cal. 570, 574 (1915). Therefore, under California law, a debt which is predicated upon the breach of the terms of an express contract cannot be the basis of an account stated. *See Moore v. Bartholomae Corp.*, 69 Cal. App. 2d 474, 477-478 (1945); *Rio Linda Poultry Farms v. Fredericksen*, 121, Cal. App. 433, 435-36 (1932); *Bennett v. Potter*, 180 Cal. 736, 745 (1919).

Here, the insurance contract states: "After your audit, an adjustment will be made to the premium that was estimated when your policy was issued." Compl. Ex. A, at 27. Hartford seeks

$88,673.00, which is predicated upon the terms of the original insurance contract. The audit did not create a new contract; the original contract provided for the audit and the subsequent adjustment. Because the sum sought in the alleged account stated is based upon the terms of the insurance contract—"the original dealings and transactions of the parties"—Hartford's claim for account stated fails. *See Gardner*, 170 Cal. at 574.

For the reasons stated above, the Court GRANTS the Motion to Dismiss Plaintiff's account stated claim. It is dismissed WITHOUT PREJUDICE.

### C.     Implied Covenant of Good Faith and Fair Dealing

Expert argues that Hartford's claim for breach of the implied covenant of good faith and fair dealing is a mere restatement of the breach of contract claim. In the alternative, Expert argues that an express contract governing the alleged breach exists. *Id*.

The covenant of good faith and fair dealing is implied in every contract and prevents one party from "unfairly frustrating the other party's right to receive the benefits" of the contract. *See Guz v. Bechtel Nat'l Inc.,* 24 Cal. 4th 317, 349 (2000). The covenant involves something more than the contractual duty itself; it involves unfair dealing prompted by a conscious and deliberate act that "unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party." *See Careau & Co. v. Security Pacific Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1394-95 (1990). Hence, it is designed to prevent a party from acting in bad faith to frustrate the contract's actual benefits. *Guz*, 24 Cal. 4th at 329. However, the covenant "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." *Id.* at 349. The claim must allege additional conduct by the defendant, separate and apart from the conduct resulting in the breach, that frustrates the plaintiff's rights. *Id.* at 353, n.18.

Here, Hartford's breach of the implied covenant claim alleges that Expert "failed, refused, and continues to refuse to pay the $88,673 balance due and owing to [Hartford] . . . . [Hartford] has consistently met their contractual obligations . . . . and [Expert], through its failure and refusal to remit payment, has breached the insurance contract between [Hartford] and [Expert]." Compl. ¶ 20-22. These allegations are identical to Hartford's breach of contract claim. Other than the basic assertion that Expert breached the contract, Hartford alleges no additional facts as to any bad faith on the part of Expert. Without more, the Court must dismiss the breach of implied covenant claim that is a mere duplication of the breach of contract claim. *See Celador Intern. Ltd. v. Walt Disney Co.*, 347 F. Supp. 2d 846, 851 (C.D. Cal. 2004) (noting that if "the allegations do not go beyond the statement of a mere contract breach . . . they may be disregarded as superfluous as no additional claim is actually stated.") (citing *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 22 Cal. App. 3d 846, 852 (1972)).

For the reasons stated above, the Court GRANTS the Motion to Dismiss Hartford's claim for breach of the implied covenant of good faith and fair dealing. It is dismissed WITHOUT PREJUDICE.

### D.     Attorneys' Fees

Finally, Expert moves to dismiss Hartford's request for attorneys' fees.  However, Hartford has not made such a request.  Therefore, the Court declines to rule on this matter at this time.

## V.     Conclusion

For the reasons stated above the Court DISMISSES Hartford's claim for unjust enrichment WITH PREJUDICE. The Court DISMISSES Hartford's claims for account stated and breach of the implied covenant of good faith and fair dealing WITHOUT PREJUDICE.  Furthermore, the Court notes that it has made no ruling as to Hartford's first cause of action for breach of contract.

Hartford may file a Second Amended Complaint, if at all, on or before December 16, 2013.  If it fails to plead sufficient facts to support its claims, the Court is inclined to dismiss those claims with prejudice.

The Clerk shall serve a copy of this minute order on counsel for all parties in this action.


MINUTES FORM 11
CIVIL-GEN                                                                                   Initials of Deputy Clerk: jcb